IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Corinthian Stack; Lynn K. Stack, | ) | C/A No. 3:21-2854-CMC-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Brock & Scott PLLC; Chad W. Burgess; Gregory T. Whitley; Lender Processing Services, Inc.; LPS Default Solutions; LPS Default Solutions; LPS Default Solutions Network; Fidelity National Title Insurance Company; Wells Fargo Bank, National Association; PHH Mortgage Services; John Do 1-10; Mortgage Electronic Registrat System, | ) ) ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs Corinthian Stack and Lynn K. Stack, proceeding *pro se*, bring this civil action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that this action should be summarily dismissed without prejudice and without issuance and service of process.

I.      **Factual and Procedural Background**

Plaintiffs claim that the defendants are engaged in a conspiracy to launder money through real property transactions in violation of RICO and federal criminal law. Generally, Plaintiffs allege that the defendants launder money through shell corporations by conducting real property transactions. Plaintiffs allege that a note and mortgage tied to property they own or occupy has been involved in some of these transactions. Plaintiffs claim Defendant Brock & Scott PLLC

currently owns the note on Plaintiffs' mortgage and seeks to foreclose on them. Plaintiffs seek to enjoin the defendants from participating in the purported RICO scheme.

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs.,

901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The sole cause of action apparent[1] in the pleading is Plaintiffs' assertion that they are entitled to an injunction pursuant to RICO to prevent the defendants from engaging in a conspiracy. RICO creates a civil cause of action for *damages* against those who engage in a "pattern of racketeering activity." 18 U.S.C. § 1964(c). However, the statute does not create a private right of action to injunctive relief. Rather, under 18 U.S.C. § 1345, only the United States Attorney General may initiate an action to enjoin mail and wire fraud pursuant to RICO. Consequently, Plaintiffs fail to state a claim pursuant to RICO upon which injunctive relief can be granted.

To the extent Plaintiffs attempt to raise any other claims, those claims should be dismissed for failure to comply with the Federal Rules of Civil Procedure, which require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1); see also Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support). The Complaint here is unnecessarily lengthy and lacks clarity about what claims Plaintiffs raise against which defendants. See North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004) (affirming dismissal of a complaint under Rule 8 where "the complaint . . . does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it"); Grimes

---

[1] The Complaint is 121 pages of mostly unintelligible legal jargon. The court also notes that dozens of pages in the Complaint are identical to pages of other complaints seeking similar relief that were recently filed in this court. See, e.g., Nelums v. Hutchens Law Firm, C/A No. 21-2161; Nelums v. Waites, C/A No. 21-2162.

v. Fremont Gen. Corp., 933 F. Supp. 2d 584, 595 (S.D.N.Y. 2013) ("When a complaint does not comply with Rule 8, by virtue of a plaintiff's including redundant or unnecessary allegations, the court may dismiss the complaint or strike those portions that are redundant or immaterial.") (internal quotations marks omitted); see also U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378-79 (7th Cir. 2004) (collecting cases). Therefore, to the extent Plaintiffs raise claims other than seeking injunctive relief pursuant to RICO, they should be dismissed for failure to state a claim upon which relief can be granted.

### III.     Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

October 6, 2021  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).